1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

In re: JAY T. JANECEK,
co-trustee/beneficiary, and JILL J.
(JANECEK) COBB,
co-trustee/beneficiary and the
JANECEK TRUST, a Washington
express trust and the JANECEK
CHILDREN'S TRUST, a
Washington express trust,

     Petitioners,

     v.

JON J. JANECEK,
co-trustee/beneficiary

     Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

NO. **CV-13-287-LRS**

**ORDER DENYING**
**MOTION TO REMAND,**
*INTER ALIA*

**BEFORE THE COURT** is the Petitioners' Motion To Remand (ECF No. 46). On its own motion, the court hears the Motion To Remand on an expedited basis without oral argument.

**SUBJECT MATTER JURISDICTION**

The jurisdictional argument presented in the Motion To Remand has already been presented by Petitioners in their response to Respondent's Motion For Appointment of Third-Party Corporate Trustee (ECF No. 19), and Respondent has filed a reply which addresses Petitioners' argument that this court lacks subject matter jurisdiction. Moreover, the court has an independent

**ORDER DENYING MOTION**
**TO REMAND,** *INTER ALIA-*   **1**

1    obligation to examine whether subject matter jurisdiction exists before deciding

2    any issue on the merits, *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th

3    Cir. 2004), and the absence of federal subject matter jurisdiction may be raised

4    at anytime. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 342 (9th Cir. 1996).

5         This TEDRA (Trust and Estates Dispute Resolution Act) petition, RCW

6    Chapter 11.96A, was removed by Respondent from Spokane County Superior

7    Court on August 21, 2013.  It was removed on the basis of federal diversity

8    jurisdiction.  The "Notice of Removal" (ECF No. 1 at p. 3) asserts the amount

9    in controversy exceeds $75,000 and there is complete diversity of citizenship

10   because Petitioners Jay T. Janecek and Jill L. (Janecek) Cobb are residents and

11   citizens of Washington and Idaho, respectively, and Respondent Jon J. Janecek

12   is a resident and citizen of California.  The "Notice of Removal" further

13   asserts:

14        T]he trust-related tort claims (breach of fiduciary duty), trust-
         related accounting demands, and property issues (California real
15        property issues and requests for disgorgement of trust funds),
         alleged herein do not fall under the "probate exception" to this
16        Court's exercise of jurisdiction because they do not relate to the
         probate of a will, administration of an estate, or property that is in
17        the custody of a probate court.

18        Petitioners contend the "probate exception" applies.  This exception

19   provides that a federal court may not probate a will, administer an estate or

20   entertain an action that would interfere with pending probate proceedings in

21   state court or with the control of property in custody of the state court.

22   *Markham v. Allen*, 326 U.S. 490, 494, 66 S.Ct. 296 (1946).  In *Marshall v.*

23   *Marshall*, 547 U.S. 293, 126 S.Ct. 1735, 1748-49 (2006), the Supreme Court

24   articulated a simple test of whether a case fits within the probate exception:

25   whether a plaintiff seeks an *in personam* judgment against a defendant, as

26   opposed to the probate or annulment of a will or other relief seeking to reach a

27   res in the custody of a state court, and whether sound policy considerations,

28

**ORDER DENYING MOTION
TO REMAND, *INTER ALIA*-    2**

specifically, the special proficiency of state courts with respect to the issues presented by a case, militate in favor of extending the probate exception to that case. In *Marshall*, the Court specifically held that a claim based on a "widely recognized tort" such as tortious interference with an expectancy of an inheritance or gift is outside the exception. *Id*. at 1748.

Petitioners cite to certain deposition testimony of Respondent Jon J. Janecek as indicating the dispute regarding the trusts is inextricably intertwined with the probate of the estate of Lionell Janecek and therefore, this court's entertaining of that dispute would interfere with the pending probate proceedings in Spokane County Superior Court, or with the control of property in the custody of that court. The following colloquy occurred during the deposition of Jon J. Janecek:

> Q: Would you agree that marshaling the trust asserts, dividing by three equal ways is the resolution to this action?
>
> A: Actually, sir, they're combined. It's a . . . pour over will. So frankly, even the stuff that goes into the probate by virtue of the will is automatically going to the trust. So it's all combined, sir. It's a unified trust and estate issue, wills and trust issue. So they're all combined.
>
> Frankly, the probate is supposed to send to the trust because the trust is the sole beneficiary under the will. So it's all combined.

(ECF No. 39-11 at pp. 46-47).

This court does not believe the mere existence of a pour over will deprives it of subject matter jurisdiction to adjudicate the parties' dispute regarding the trusts. It does not appear this court's adjudication of the dispute would interfere with the probate proceedings in Spokane County Superior Court or with control of property in the custody of that court. None of the relief sought by Petitioners appears to have anything to do with estate assets. Rather, Petitioners seek relief only with regard to trust assets: 1) order

**ORDER DENYING MOTION TO REMAND, *INTER ALIA*- 3**

compelling Respondent to provide complete and full accounting of the Children's Trust; 2) order compelling Respondent to provide complete and full accounting of the Janecek (Family) Trust; 3) order compelling Respondent to disgorge all assets under his control that belong to the Children's Trust; 4) order compelling Respondent to disgorge all assets under his control that belong to the Janecek (Family) Trust; 5) order finding that Petitioners are not required to respond to a Payoff Demand Statement under California law, and prohibiting Respondent from enforcing such a demand; and 6) order compelling Respondent to provide a full and complete accounting of all payments claimed to have been made in full or partial satisfaction of the Promissory Note regarding the Seal Beach house, including canceled checks showing all payment.  (Ex. A to ECF No. 1 at p. 12).

Petitioners do not seek a judgment out of estate property.  Rather, Petitioners seek an *in personam* judgment against Respondent.  Petitioners are akin to tort claimants seeking a declaration that Respondent has breached his fiduciary duties with regard to the trusts and that Petitioners should be granted the injunctive and declaratory relief they seek in order to remedy that breach. Breach of fiduciary duty imposes liability in tort.  *Miller v. U.S. Bank of Washington, N.A.*, 72 Wn.App. 416, 426, 865 P.2d 536 (1994).  Many courts have held that a claim for breach of fiduciary duty is outside the probate exception.  *Curtis v. Brunsting*, 704 F.3d 406, 409-10 (5th Cir. 2013); *Campi v. Chirco Trust UDT,* 223 Fed. Appx. 584, 585 (9th Cir. 2007); *Lefkowitz v. Bank of New York City*, 528 F.3d 102, 107-08 (2nd Cir. 2007); *Jones v. Brennan*, 465 F.3d 304, 307-08 (7th Cir. 2006); and *Hamilton v. Nielsen*, 678 F.2d 709, 710 (7th Cir. 1982).  In *Lefkowitz*, for example, the probate exception barred federal jurisdiction over a beneficiary's claims against the executor of her parents' estate to obtain assets that remained under the control of the state probate court,

**ORDER DENYING MOTION
TO REMAND, *INTER ALIA*-    4**

but it did not bar her tort claims against the executor for fraud and breach of fiduciary duty which did not directly implicate the assets of the probate estate and were not entirely intertwined with issues of estate administration.

Assuming there is a pour over will, that means once the probate in Spokane County Superior Court is completed, the estate assets will be "poured over" into the trust(s) and then subject to any orders this federal court has made regarding management of trust assets.  That does not, however, fall within the probate exception and deprive this court of subject matter jurisdiction.  Once the assets are "poured over," they will no longer be estate assets in custody of the state court.  The probate court will settle how the estate assets are to be distributed per the terms of Lionell Janecek's will.  This court will have nothing to do with that.  Its orders will only impact the assets after they have been "poured over" into the trusts.[1]  To the extent, however, there is any impact upon assets currently in the custody of the probate court, this does not necessarily warrant application of the probate exception.

The probate exception incorporates the doctrine of custodia legis, "the general principle that, when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Marshall*, 547 U.S. at 311-12.  This principle is narrow, however, and "has no application to a case in federal court based upon diversity of citizenship, **wherein the plaintiff seeks merely an adjudication of his right or his**

---

[1] Petitioners represent the estate has not been closed only because Lionell Janecek owned 25% of a real estate partnership that owned two vacant lots in Tacoma, and that the proposed closing date was February 7, 2014.  (ECF No. 36 at p. 5).  It is possible then that there currently is no ongoing probate proceeding in Spokane County Superior Court.

**ORDER DENYING MOTION TO REMAND, *INTER ALIA*-   5**

**interest as a basis of a claim against a fund in the possession of a state court . . . .**" *Princess Lida v. Thompson*, 305 U.S. 456, 466, 59 S.Ct. 275 (1939)(emphasis added).  This was reiterated by the Supreme Court in *Markham* and quoted by the Court again in *Marshall*:

> [W]hile a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, . . . it may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession **save to the extent the state court is bound by the judgment to recognize the right adjudicated by the federal court.**

*Marshall*, 547 U.S. at 310 (quoting *Markham*, 326 U.S. at 494)(emphasis added).  See also *F.T.C. v. J.K. Publ'ns, Inc.*, 2009 WL 997421 at *3 (C.D. Cal. 2009)("[A] federal court properly adjudicates rights regarding property that is the subject of a probate proceeding so long as the federal court does not order the transfer of any property belonging to the probate estate").  Here, Petitioners do not ask this court to order the transfer of any property belonging to the probate estate; at most, they ask this court to adjudicate their rights and the rights of Respondent regarding property that is the subject of the Spokane County probate proceeding.

Petitioners also assert there is no diversity of citizenship because Respondent should be treated as a resident of Washington due to the fact he is a legal representative of  Lionell Janecek's estate, and Lionell Janecek was a resident of Washington.[2]  28 U.S.C. §1332(c)(2) provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ."  This argument is essentially indistinguishable from Petitioners' argument that the probate exception to

---

[2] All three of the siblings, Petitioners and Respondent, are co-personal representatives of the estate.  They are also the sole beneficiaries of the estate.

**ORDER DENYING MOTION
TO REMAND, *INTER ALIA*-    6**

1    federal jurisdiction applies because of the existence of a pour over will.

2    Because that exception does not apply, however, the only relevant

3    consideration is Respondent's capacity as a trustee.  In actions by or against a

4    trustee, diversity is determined by the trustee's own domicile.  Whereas a

5    trustee is the legal owner of trust property, an executor is not the legal owner of

6    estate property, but merely a representative of the estate. See *Andrews v.*

7    *Modell*, 636 F.Supp.2d 213, 220-22 (S.D. N.Y. 2008). Respondent is a citizen

8    of California for the purpose of this TEDRA lawsuit and therefore, there is

9    complete diversity between him and the Petitioners.

10        The Supplemental Declaration of Jay T. Janecek (ECF No. 45) suggests

11   $75,000 may not be in controversy with regard to the trusts.  This is the first

12   time Petitioners have called the jurisdictional amount into question.

13   Respondent, in his opening memorandum regarding his motion to appoint a

14   third-party corporate trustee, indicates the Janecek (Family) Trust currently

15   holds approximately $1,500,000 in assets and that the probate action in

16   Spokane County Superior Court involves approximately $1,000,000 in assets.

17   (ECF No. 19 at p. 3).[3]  In their response memorandum, the Petitioners do not

18   specifically take issue with the jurisdictional amount and indeed, state: "The

19   total amount of combined assets exceeds $2,000,000.  The value of personal

20   property is approximately $3,600.00.  The vast majority of trust assets are held

21   in securities at Merrill Lynch and DA Davidson."  (ECF No. 36 at p. 3).  It is

22   unclear if "combined assets" means combined trust assets or combined trust

23   and probate assets.

---

25   [3]  According to Petitioners, the Janecek (Family) Trust is actually comprised

26   of three trusts: (a) Credit Shelter Trust; (b) Marital Trust; and (c) Survivor's

27   Trust.   (ECF No. 36 at p. 2, n. 1).

**ORDER DENYING MOTION
TO REMAND, *INTER ALIA*-   7**

Based on the information currently before it, this court concludes the probate exception does not apply and that it has subject matter jurisdiction to adjudicate the parties' dispute regarding the trusts.  Petitioners' Motion To Remand (ECF No. 46) is **DENIED**.

**MEDIATION**

On August 16, 2013, Petitioners filed in this court a "Notice Of Mediation Under RCW 11.96A.300."  (ECF No. 3).  RCW 11.96A.300(1) provides that: "A party may cause the matter to be subject to mediation by service of written notice of mediation on all parties or the parties' virtual representatives as follows."  The matter is to be resolved using mediation procedures unless a petition objecting to mediation is filed within twenty days.  RCW 11.96.300(2)(b).  The record does not indicate that Respondent ever filed a petition objecting to mediation.  In fact, Petitioners' "Notice Of Mediation Under RCW 11.96A.300" represents that "[t]he parties previously mutually agreed through counsel that attorney Peter Witherspoon (WSB #7956) will be appointed as mediator."

**Within ten (10) days of the date of this order, the parties shall serve and file statements showing cause why the court should not compel them to engage in the mediation procedure set forth in RCW 11.96A.300.**

If the court does not compel mediation, it will promptly decide Respondent's Motion For Appointment Of Third-Party Corporate Trustee (ECF No. 19).  If mediation is compelled, the court will await the outcome of the mediation before ruling on the motion.

//

//

//

**ORDER DENYING MOTION
TO REMAND, *INTER ALIA*-    8**

1    **IT IS SO ORDERED**.  The District Executive is directed to enter this

2    order and forward copies to counsel.

3        **DATED** this___4th___of March, 2014.

4

5                              *s/Lonny R. Suko*

6                        _____
                              LONNY R. SUKO
7                        Senior United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER DENYING MOTION
TO REMAND, *INTER ALIA*-    9**